## In re POWELL.
### Patent Appeal No. 2347.

Court of Customs and Patent Appeals.
May 28, 1930.

Thomas L. Wilder, of Utica, N. Y. (Vernon E. Hodges, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the Patent Office, affirming the decision of the Examiner rejecting claim 2 of appellant's application. Said claim reads as follows:

"2. A connecting device of the class described and including a bolt adapted to be passed through the shackle bolt opening of a perch iron, connecting links embodying substantially wide members having circular

end portions, tubular members mounted on the bolt, a bolt passing through the shackle bolt opening at the end of a spring, tubular members on the last mentioned bolt, said circular members being fitted over the ends of the bolts, and substantially wide cushioning members on the tubular members and housed by the circular members."

The references cited by the Patent Office are Lord, 1,452,693, April 24, 1923; Taylor, British, 202, January 15, 1877.

■ The application discloses spring shackles of the type in use in automobiles to connect the ends of the spring to the frame or to the axle of the car. Relatively wide links are used, and rubber bushings serving as substantial cushioning means are employed in both eyes of each of the links around the pivot pin, thus cushioning the spring relative to the frame or axle.

The Board of Appeals held that the device disclosed by the Taylor patent is similar to that shown in appellant's application, except that the Taylor device has two additional elements, viz. a transverse connector extending from one link to the other in each pair of links, and circular cavities in the ends of the links closed at the outer ends, thus forming cuplike cavities instead of open-end cylindrical cavities as shown by appellant's application. It should be added that appellant shows a third element not shown by Taylor, viz. a sleeve described in the claim as "tubular members mounted on the bolt."

In its decision, the Board of Appeals said:

"The brief points out these differences between Taylor's shackle and the one disclosed here and alleges important differences in results, especially in case of twisting stresses on the mechanism. On examination of the claim we are unable to see that these differences in detail are positively in the claim. The clauses of the claim directed to the links merely require 'connecting links embodying substantially wide members having circular end portions' and 'said circular members being fitted over the ends of the bolts.' It is very clear that neither of these expressions exclude a connector between the links nor require that the circular openings be open at both ends. A cup shaped cavity is a circular opening.

"We have however considered the claim in the scope discussed in the brief but still find no patentable novelty set forth in the features involved. A careful study of the case discloses no special mention of any importance in either of these details and we are unable to find any. It is believed on the contrary that Taylor's structure is a matter not only of advantage or preference but of necessity over that shown here. It seems that the open ended links marked 16 and 22 in Figs. 4 and 1 respectively would be likely to creep off of the rubber bushings due to oscillating movement when the car was in use. There is nothing to retain them. This of course would be a dangerous condition and leads to one reason for the closed ends and connecting bolt of Taylor's shackle which prevents such possible accident.

"We have further considered the question with the view of possible advantage of an open-ended cavity and unconnected links, but are unable to find any unobvious results. It is possible that unconnected links would be free for more lateral swing and thereby allow more twisting effect between frame and spring, but is this desirable?

"As a mechanical feature it is believed that twisting movement of the links is objectionable and should be avoided. No unexpected result is accomplished by omitting the connector of Taylor's shackle. It is further a matter of common knowledge that the shackles in common use are of both types some of separate links and some with connected links. No invention is found in omitting the shackle or leaving the ends of the cavities open in Taylor's device.

"The matter of a sleeve on the pivot pins is independent of the other features and since it is found to be old in the similar shackle of Lord no patentable novelty is found in associating these features.

"We are unable to find patentable novelty in the case and the rejection of the claim is clearly warranted. The rejection is affirmed."

■ All of the expert tribunals of the Patent Office concurred in rejecting the claim because of lack of patentable novelty. In such cases it is incumbent upon one appealing therefrom to make out a clear case of error to obtain a reversal. In re Ford (Cust. & Pat. App.) 38 F.(2d) 525.

Appellant has not convinced us that the Board of Appeals erred in its conclusion, but, on the contrary, we are convinced, from a careful examination of the record, that it was right. We are fully in accord with the decision of the Board, above quoted, and further discussion is unnecessary.

The decision of the Board of Appeals of the Patent Office is affirmed.

Affirmed.